# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CIRBY K. BELL,<br><br>  Plaintiff,<br><br>  v.<br><br>BLACK'S LIQUOR, LLC, and<br>LANCE A. VOGEL<br><br>  Defendants. | Case No. 18-2130 |

## MEMORANDUM & ORDER

On June 20, 2018, United States Magistrate Judge Gerald L. Rushfelt issued a Report and Recommendation (Doc. 5). The report recommends that this court dismiss this action pursuant to 28 U.S.C. § 1915(e), for failure to state a claim upon which relief may be granted. Plaintiff had fourteen days, until July 5, 2018, to file written objections to the Report and Recommendation. Plaintiff did not file any objections. Generally, a failure to timely object to a Report and Recommendation precludes any appellate review of the disposition of the case or motion. *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) ("This court has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions.").

Judge Rushfelt's Report and Recommendation stated:

### REPORT AND RECOMMENDATION

#### NOTICE

Within fourteen days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the Report and Recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions

-1-

of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

## REPORT AND PROPOSED FINDINGS

The Court has granted Plaintiff leave to proceed in forma pauperis. As a result, his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the undersigned magistrate judge recommends dismissal of this action for failure to state a claim

upon which relief may be granted.

**A. Background**

Pro se plaintiff Cirby K. Bell filed this action on March 20, 2018. Plaintiff's claim appears to arise out of the loss of his employment, but he does not say why his termination was wrongful. Plaintiff does not state any grounds on which this Court has jurisdiction to hear his case. Plaintiff also does not claim any damages.

Plaintiff has attached several documents, including a denial of unemployment insurance benefits from the Kansas Department of Labor, a partial memorandum of a telephone conversation between Plaintiff and an unknown party (and it is further unclear who created the memorandum), and a letter stating Plaintiff's employment at Black's Liquor is no longer needed, though it does not provide a reason for Plaintiff's termination. Plaintiff provides no further information in his complaint other than what is included in the letter.

**B. Failure to State a Claim**

Under 28 U.S.C. § 1915(e)(2), a court, after granting leave to proceed in forma pauperis, must screen a complaint to determine whether the case should be dismissed because the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief can be granted, or (iii) seeks monetary relief from a defendant who is immune from suit. The purpose of this statute is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint is analyzed by the court under the same sufficiency standard as a Rule 12(b)(6) motion to dismiss. A

complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." Dismissal of a pro se complaint for failure to state a claim is proper only "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." In determining whether dismissal is proper, the court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."

In making its analysis, the court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by attorneys. Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence structure, or his unfamiliarity with pleading requirements." This does not mean, however, that the court must become an advocate for the pro se plaintiff. *Sua sponte* dismissal under § 1915(e)(2) is also proper when the complaint clearly appears frivolous or malicious on its face.

Even with a liberal construction of his Complaint, Plaintiff fails to state a claim that is facially plausible. Plaintiff does not even make any allegations but rather a statement that he received a letter stating his employment was no longer necessary. Plaintiff provides no facts about the circumstances of his termination, or if he believes he was terminated because of his race or age.

Plaintiff further states no facts sufficient to show that the Court would have any jurisdiction over whatever claim he may be trying to assert. As previously discussed, it is unclear what the nature of Plaintiff's lawsuit is. He does not claim a violation of any federal statute. Nor does he allege a violation of any constitutional right. Because all defendants and Plaintiff appear to be residents and citizens of the state of Kansas, Plaintiff may not plead diversity jurisdiction. The Court would have to speculate as to any other potential claim, meaning Plaintiff's Complaint fails to contain "enough facts to state a claim to relief that is plausible on its face."

**RECOMMENDATION**

The Court may grant relief only for actual cases and controversies. Plaintiff's Complaint does not

state a plausible case or controversy. Therefore, the undersigned magistrate judge recommends that the Court summarily dismiss this action for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

### I.     Standard of Review

The undersigned's review of a report and recommendation on a dispositive issue requires de novo review of any part of the magistrate judge's recommendation that is objected to. Fed. R. Civ. P. 72(b)(3). Because plaintiff did not object, the court need not undertake a de novo review of Judge Rushfelt's Report and Recommendation, but for the reasons explained below the court agrees with Judge Rushfelt's conclusions.

### I.     Pro Se Litigants

When a plaintiff proceeds in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Where a plaintiff proceeds pro se, the court construes her filings liberally and holds them to less stringent standards than pleadings filed by lawyers. *Barnett v. Corr. Corp of Am.*, 441 F. App'x 600, 601 (10th Cir. 2011). Pro se plaintiffs are nevertheless required to follow the Federal and Local Rules of practice and the court does not assume the role of advocating for plaintiff. *United States v. Porath*, 553 F. App'x 802, 803 (10th Cir. 2014).

### II.    The Court Lacks Jurisdiction To Hear Plaintiff's Case

The Report and Recommendation correctly stated that federal courts have limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). The court must have a constitutional or statutory reason for exercising jurisdiction and must dismiss a case at any stage of the proceeding if it becomes apparent that

-4-

there is no jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). As plaintiff filed this suit, he has the burden of showing that this court has jurisdiction over his claims. *Id.*

For the reasons noted in Judge Rushfelt's Report and Recommendations, it is not apparent that this court has jurisdiction. Plaintiff has cited no constitutional or statutory authority for this case being heard in federal court. The jurisdiction section of the complaint is not completed. The face of the complaint does not meet the requirements for diversity jurisdiction—as plaintiff does not state an amount in controversy and it does not appear that the parties are diverse—and plaintiff did not check any box suggesting that another basis for federal jurisdiction is appropriate. Plaintiff did not respond to the Report and Recommendation with any further information. For these reasons, the court agrees with Judge Rushfelt's review of plaintiff's complaint and the reasoning set forth in the report and recommendation and therefore adopts it and dismisses this case for lack of jurisdiction.

### III. Plaintiff Failed To State A Claim

Plaintiff's complaint also fails to meet the federal pleading requirements. Fe.d R. Civ. P. 8(a)(2) and (3) require: "a short and plaint statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought . . . ." Plaintiff's sole complaint is that his employment was terminated. The statement of the claim in its entirety reads: "I came back to work they give me litter [sic] 12-05-2017 Cirby your employment at Black's Liquor is no longer needed if you have any questions please call me at sorry it did not work out." On an additional page plaintiff stated: "They give me a lether [sic] saying they no longer need my serdice [sic] and laid me off." (Doc. 1-1.) As stated above, plaintiff requests no relief; that section of the civil complaint form is also incomplete. This is insufficient to put defendants on notice of the claims against them.

**IT IS THEREFORE ORDERED** that Judge Rushfelt's Report and Recommendation is adopted. This case is dismissed without prejudice for lack of jurisdiction and under 28 U.S.C. § 1915(e)

for failure to state a claim upon which relief can be granted. The clerk of the court shall enter judgment in favor of defendant and against plaintiff.

This case is closed.

Dated July 13, 2018, at Kansas City, Kansas.

                                                                   s/ Carlos Murguia
                                                                   **CARLOS MURGUIA**
                                                                   **United States District Judge**